# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Herman Lawrence, | Civil Action No. 2:17-cv-00091-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Detyens Shipyards, Inc. and Hitrak Staffing, Inc., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 35) recommending that the Court grant Defendants' Motion for Summary Judgment (Dkt. No. 28). Plaintiff filed objections to the R & R. (Dkt. Nos. 39.) For the reasons set forth below, the Court adopts the R & R as the order of the Court.

## I. Background

Plaintiff Herman Lawrence is an African-American man and was hired as a temporary worker by Defendant Hitrak Staffing, Inc. ("Hitrak"), a staffing agency, to work for Defendant Detyens Shipyards, Inc. ("Detyens") in January 2014. Temporary assignments generally last no longer than ninety days, yet after ninety days he had not been hired as a Detyens employee. (Dkt. No. 30.) Plaintiff alleges that this was based on his race. (Dkt. No. 30-4 at 237 – 239.) Plaintiff also alleges he complained to a supervisor, Larry Reynolds, that the only reason he was not hired was because of his "skin tone." (Dkt. No. 28-4 at 194: 15 – 25.) Plaintiff was hired as a Detyens employee on August 4, 2014. (Dkt. No. 28-3 at 13 – 14.)

After Plaintiff was hired, Jim Youker, the Human Resources Director, received three Complaints within a six month period regarding inappropriate behavior by Plaintiff. In the first, on April 23, 2015, a painter complained that Plaintiff "yell[ed] at him," "us[ed] bad language" and

kicked a bucket which got chemicals all over the painter. (Dkt. No. 28-3 at 16 – 17.) Plaintiff received a verbal warning. The second complaint, on June 22, 2015, from a subordinate, alleged that the Plaintiff had "started cussing" at him, called the employee the "[n-word]" and told the employee that he is "going to make me F– him up." (Dkt. No. 28-3 at 18 – 20.) Youker interviewed two employee witnesses about the complaint. (*Id.*) Plaintiff acknowledged having a "verbal confrontation." (Dkt. No. 28-4 at 18: 5 – 7.) Plaintiff was suspended for three days. (Dkt. No. 28-3 at 20.) Finally, on October 22, 2015, a third employee complained that Plaintiff had hit him in the face and knocked him backwards onto the floor after getting into a verbal confrontation. (Dkt. No. 28-3 at 21.) Three witnesses confirmed that there was a verbal confrontation and that the Plaintiff shoved another employee. (*Id.* at 21 – 24.) Plaintiff was terminated on October 23, 2015. (*Id.* at 21 – 25.) Plaintiff further alleges that while he was employed, he was subject to rumors that he had murdered his wife, who is white, and had been present for a racially-charged joke made by a fellow employee regarding a "hanging tree." (Dkt. No. 30-1 at 10.)

Plaintiff brought claims that he was terminated for discriminatory and retaliatory reasons, and was subject to a hostile work environment.[1] (Dkt. No. 1-1.) Defendants moved for summary judgment, and Plaintiff opposed. (Dkt. Nos. 28, 30.) The Magistrate Judge recommended granting summary judgment. (Dkt. No. 35.)

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of

---

[1] Plaintiff's claims are under Title VII of the Civil Rights Act, and Plaintiff received a right to sue letter from the EEOC as to both Defendants. (Dkt. Nos. 28-9; 28-10.)

law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Plaintiff filed objections and the R & R is reviewed *de novo*.

### III. Discussion

As an initial matter, Plaintiff concedes that summary judgment should be granted on his claims against Hitrak. The Court agrees based on Plaintiff's concession and the reasons below.

#### A. Discrimination and Retaliation

Plaintiff has presented no direct evidence of discrimination,[2] and therefore to survive summary judgment he must be able to demonstrate a *prima facie* case of discrimination and retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff succeeds, the burden then shifts to the employer to articulate some legitimate, non-discriminatory and non-retaliatory reason for the adverse employment action. *Id.* If the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to the employee to show that the articulated reason was pretextual. *McDonnell Douglas*, 411 U.S. at 804. The Fourth Circuit applies this framework to retaliation claims as well. *See Lettieri v. Equest, Inc.*, 478 F.3d 640, 649 (4th Cir. 2007). For purposes of summary judgment, a court may assume arguendo that a plaintiff has met his *prima facie* burden and analyze whether a defendant articulated a legitimate non-discriminatory reason, and whether a plaintiff can show that the reason was pretextual. *See*

---

[2] Plaintiff conclusorily states that he "can point to direct evidence," but does not explain further and instead focuses his brief on the *McDonnell Douglas* framework. (Dkt. No. 30-1 at 7.)

-4-

*Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 278 (4th Cir. 2000); *Fields v. Verizon Servs. Corp.*, 493 F. App'x 371, 380 (4th Cir. 2012).

Here, Detyens has met its burden to demonstrate a legitimate non-discriminatory and non-retaliatory reason for terminating Plaintiff. Specifically, Plaintiff received three complaints within six months, each detailing either verbally or physically abusive behavior. Furthermore, Plaintiff received a suspension before being terminated, and was warned that future violations may result in termination. (Dkt. No. 28-3 at 20.) Finally, Detyens' handbook includes a policy requiring employees to not engage in "improper conduct" which includes "fighting, striking" and "threatening." (Dkt. No. 32.2). This constitutes a legitimate, non-discriminatory and non-retaliatory reason for terminating Plaintiff. *See Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 211 (4th Cir. 2014) (affirming district court decision that plaintiff's involvement in a fight with a co-worker was a legitimate non-discriminatory reason for termination).

Furthermore, Plaintiff has not presented any evidence that this reason was pretextual. Importantly, the Fourth Circuit is clear that it is not a court's duty to "decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) *quot*ing *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir.1998). Notably, Plaintiff does not dispute that he was involved in altercations at work, and instead disputes the extent of his actions and who was at fault. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (noting that to demonstrate pretext, a plaintiff should "produc[e] evidence that shows [the] assessment of her performance was dishonest or not the real reason for her termination-as the law requires" and cannot simply "dispute the merits of [the] evaluations"). Furthermore, the record in the case is clear that Youker interviewed multiple individuals involved in each complaint to come to his conclusion that Plaintiff should be

terminated. *See Christian v. S.C. Dep't of Labor Licensing & Regulation*, 651 F. App'x 158, 164 (4th Cir. 2016) ("It is the perception of the decision maker which is relevant to the question of [discrimination], not the opinions of [the plaintiff's] co-workers or third parties.") (citation omitted). Plaintiff therefore cannot demonstrate pretext.

Plaintiff's objections focus on the alleged failure to "properly investigate" the issues with Plaintiff's employment and not provide him with the "same due process that white employees were given." (Dkt. No. 39 at 4 – 5.) While Plaintiff identifies a single employee who was allegedly disciplined differently for similar conduct, the Plaintiff does not specify how Detyens investigated the incident any differently. (*Id.*) Indeed, the record evidence shows that the other employee had only a single altercation at work, and was suspended, a punishment more severe than Plaintiff who only suspended after a second complaint. (Dkt. No. 32-4.) Further, contrary to Plaintiff's allegations, the record evidence demonstrates that Youker initiated an investigation and interviewed multiple people regarding the complaints. Therefore, Plaintiff has failed to demonstrate any pretext and his claims for discrimination and retaliation fail.

### B. Hostile Work Environment

To establish a hostile work environment claim, the plaintiff must prove by a preponderance of the evidence that he was subjected to (1) unwelcome harassment; (2) based on his race; (3) that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive atmosphere; and (4) that is imputable to the defendant. *See Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir.2001). Plaintiff here can neither demonstrate that the harassment was based on his race nor that the actions were severe or pervasive.

Regarding the "hanging tree" incident, the Plaintiff testified that there was a "running joke" that a fellow employee, James Rogers, would not go to Jack Smith's house because there was a

"hanging tree" in the backyard. (Dkt. Nos. 30-3 at 55; 30-4 at 11.) There is, however, no indication that Plaintiff was the target of this joke or that the joke was based on the Plaintiff's race. *See Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (plaintiff can show hostile work environment by showing she is the "*individual target* of open hostility because of" a protected characteristic) (emphasis added); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283–84, 141 L. Ed. 2d 662 (1998) (Title VII is not a "'general civility code.' and must "filter out complaints" regarding "'ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'"). Further, Plaintiff has made no showing that rumors about him murdering his wife are based on his race.

Finally, Plaintiff cannot demonstrate that the conduct was severe or pervasive. *See E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 316 (4th Cir. 2008) (complaints based on rude treatment, callous behavior by superiors, or a difference of opinion or personality conflict with a supervisor are not actionable under Title VII). Therefore, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 35) is **ADOPTED** as the order of the Court and the Court **GRANTS** Defendant's Motion to Summary Judgment (Dkt. No. 28.).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 2̲2̲, 2018
Charleston, South Carolina